IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| In re: ) | |
| ) | |
| DIGITAL INK, INC., and ) | Case No. 18-30056-KLP |
| CHRISTOPHER DAVID McGINNIS, ) | |
| ) | Chapter 7 |
| Debtors. ) | |
| ) | |
| ) | |
| HARRY SHAIA, JR., TRUSTEE, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Adv. Pro. No. 18-03098-KLP |
| ) | |
| BMST, INC., *et al.*, ) | |
| ) | |
| Defendants. ) | |
| ) | |

**BMST DEFENDANTS' REPLY TO TRUSTEE'S
<u>MEMORANDUM IN OPPOSITION TO MOTION TO DISMISS</u>**

Defendants, BMST, Inc. and Mark Beltrami (together, the "<u>BMST Defendants</u>"), by counsel, for their reply to Plaintiff/Trustee Harry Shaia, Jr.'s (the "<u>Trustee</u>") *Memorandum in Opposition to Motion to Dismiss* (the "<u>Memo in Opposition</u>") state as follows:

Robert S. Westermann (VSB No. 43294)
Franklin R. Cragle, III (VSB No. 78398)
HIRSCHLER FLEISCHER, P.C.
The Edgeworth Building
2100 East Cary Street
Post Office Box 500
Richmond, Virginia 23218-0500
Telephone:     804.771.9500
Facsimile:      804.644.0957
E-mail:          rwestermann@hirschlerlaw.com
                     fcragle@hirschlerlaw.com

*Counsel for BMST, Inc. and Mark Beltrami*

I.  **COUNTS V AND VII**

The Complaint avers that McGinnis[1], as DII's sole member, took $400,000 out of the company, and that DII's financial condition never recovered. *See* Compl. at ¶¶ 28-29. DII was unable to pay its debts as they came due, and its assets were used as collateral to secured lenders. *See Id.* at ¶¶ 29, 40. BMST then acquired DII's assets for approximately $1,250,000. *See Id.* at ¶ 42. Given that the Complaint avers that DII was unable to pay its bills, and assets acquired were by secured lenders, a fair inference of the allegations is that absent BMST's seven-figure purchase of DII's assets, DII's secured creditors would have foreclosed, which would have shut DII down – leaving no source of recovery for any unsecured creditors. That is not – and cannot be – fraud. That does not sufficiently allege fraud. The allegations that BMST acquired assets that otherwise would have been foreclosed upon and turned a profit does not fraud make. As the Complaint tacitly avers that, absent BMST's acquisition of assets, DII would have been shut down and its assets foreclosed upon, any assertion of fraud is belied by the express allegations.

II.  **COUNTS VI AND VIII**

Counts VI and VIII fail as a matter of law for two independent reasons:

1. The statutory relief sought is only to the transfer**ee**, not the transfer**or**, and BMST is the transfer**or**;

2. No cause of action for aiding and abetting fraudulent conveyance or conspiracy to commit fraudulent conveyance exists under Virginia or Federal law.

A.  **STATUTORY LIABILITY ATTACHES SOLELY TO THE TRANSFEREE**

BMST is the transfer**or**. Ragland is the transfer**ee**.

---

[1] Capitalized terms not otherwise defined herein shall retain the meaning ascribed in the BMST Defendants' *Memorandum in Support of Motion to Dismiss Complaint to Avoid Transfers, Impress Successor Liability, and Obtain an Order of Substantive Consolidation* (the "Memo in Support").

Section 550(a) of the Bankruptcy Code provides that the avoidance of a transfer under §§ 548 or 544 allows the trustee to recover only from *"the initial **transferee*** of such transfer or the entity from whom such benefit such transfer was made" or from "any immediate or mediate transfer***ee** of such transferee*." 11 U.S.C. §§ 550(a)(1) & (2); *see Matson v. Rescue Rangers, LLC*, 576 B.R. 521, 527 (Bankr. E.D. Va. 2017) (Phillips, J.)

Virginia Code § 55-80 provides that transfers made with the intent to "delay, hinder or defraud creditors . . . be void." As this Court stated in *Rescue Rangers*:

> The Trustee's claims that the Transfers are also avoidable under Va. Code Ann. 55-80 and 55-81 likewise do not overcome the limitations imposed by § 550(a). Sections 55-80 and 55-81 void certain transfers ***but neither statute imposes liability who are not transferees*** or beneficiaries.

576 B.R. at 528-29.

Similarly, in *Price v. Hawkins* – as heavily relied upon by the Trustee – the Supreme Court of Virginia stated that: "[w]hen the property 'cannot be identified in any form,' such as money placed in a transfer***ee***'s checking account . . . "the grant***ee*** [(a/k/a transfer***ee***)] should respond personally for the value of the property . . ." 247 Va. 32, 36 (1994).

Liability under these statutory schemes provides for the voiding of the transfer, or, in cases of fungible goods, such as cash, personal liability can be ascribed to the transfer***ee***. Because BMST is the transfer***or***, and because no authority exists providing for liability to the transfer***or***, the claim fails.

### B. NO CAUSE OF ACTION EXISTS FOR AIDING AND ABETTING AND/OR CONSPIRACY TO COMMIT FRAUDULENT TRANSFER

The Trustee concludes that he has "specifically alleged that the BMST Defendants knowingly aided McGinnis' efforts to avoid his creditors." Memo in Opp. pg. 6; *see also* Compl. at ¶¶ 81 & 88 ("At McGinnis' direction, BMST knowingly and intentionally helped

3

McGinnis hinder, delay and defraud his creditors . . ."). In essence, the Trustee attempts to assert a claim for aiding and abetting and/or conspiracy to commit fraudulent transfer.

No cause of action exists for aiding and abetting and/or conspiracy to commit fraudulent transfer. In *Matson v. Rescue Rangers*, this Court stated: "[t]o the extent the Trustee contends that liability would exist for aiding and abetting, or conspiracy to commit, a fraudulent conveyance as a matter of federal law under the Bankruptcy Code, his contention is without merit." 576 B.R. 521, 528 (Bankr. E.D. Va. 217) (Phillips, J.) (citing, *inter alia*, *Ray v. Garland (In re Martin)*, Adv. No. 10-5059, 2011 Bankr. LEXIS 4830, at *5 (Bankr. E.D. Tenn. Dec. 8, 2011) ("[C]ourts have consistently held that there is no such thing as liability for aiding and abetting a fraudulent conveyance as a matter of federal law under the Code.").

In *La Bella Dona Skin Care, Inc. v. Belle Femme Enters., LLC* – a case relied on by the Trustee – the Supreme Court of Virginia held: "because avoidance of a transaction is the only remedy available under Code § 55-80, a claim for fraudulent conveyance is not a predicate unlawful act from which liability can be spread to others on a theory of civil conspiracy." 294 Va. 243, 257 (2017) (This holding is found under the heading: "*ii: Conspiracy to Effectuate a Fraudulent Conveyance is Not an Actionable Claim.*").

Because no claims for aiding and abetting and/or conspiracy to commit fraudulent conveyance are recognized under Virginia or Federal law, these claims fail.

### III.    COUNTS VII AND IX

Counts VII and IX are untimely and barred by the statute of limitations as evidenced on the face of the Complaint. The Trustee does not contest this and instead argues that the Court should consider McGinnis' – not DII's – filing date as the operative date. No law is cited for this proposition.

4

The Trustee further argues that because the Complaint asks for declaratory relief in Count X, the Court should consider McGinnis' filing date as the operative date. McGinnis has filed an answer opposing this relief. Moreover, as argued previously (and below), Declaratory Judgment is not an independent cause of action.

The Trustee admits the claims are untimely as pled. Despite this, he asks the Court to permit the claims to proceed based on the assumption that the Court will grant substantive consolidation – that is opposed by McGinnis. Implicit in this request is asking the Court to require the BMST Defendants to defend these claims based upon the Trustee's hopes of prevailing on this contested claim. Again, no law is cited for this proposition. The Court should not permit such claims to remain. Currently, the matters are procedurally consolidated. Nothing more. In the event the Trustee prevails on Count X, then new claims can be asserted or new actions filed. The BMST Defendants should not be required to defend against admittedly deficient claims on the Trustee's hopes he can get a favorable ruling at trial that, only then, will create legal justification for the action. Stated simply, the Trustee should not be able to put the cart before the horse – specifically on an extraordinary remedy on a contested claim.

IV.  **COUNT XI**

Declaratory Judgment is not an independent cause of action. It is a remedy. In the Memo in Opposition, the Trustee argues that "Count XI ***appropriately seeks a remedy*** within this Court's jurisdiction." Memo in Opp. at pg. 7. This argument misses the mark. It is axiomatic that without a cognizable cause of action, there can be no remedy. The BMST Defendants incorporate their argument under Section VI of their *Memorandum in Support of Motion to Dismiss* [Doc. 11], and reiterate that, without pleading a cognizable cause of action, there can be no remedy.

5

WHEREFORE, for the foregoing reasons, the BMST Defendants request that this Court enter an Order: (i) dismissing the Complaint against them, in full, *with prejudice*; (ii) granting the BMST Defendants their reasonable costs and fees incurred; and (iii) granting such other and further relief as this Court deems just and proper.

Dated: December 10, 2018            Respectfully submitted,

BMST, INC. and MARK BELTRAMI


　　　　　　　　　　　　　　　　　　　　/s/ *Franklin R. Cragle, III*
　　　　　　　　　　　　　　　　　　　　　　　　　Counsel

Robert S. Westermann (VSB No. 43294)
Franklin R. Cragle, III (VSB No. 78398)
HIRSCHLER FLEISCHER, P.C.
The Edgeworth Building
2100 East Cary Street
Post Office Box 500
Richmond, Virginia 23218-0500
Telephone:    804.771.9500
Facsimile:    804.644.0957
E-mail:       rwestermann@hirschlerlaw.com
              fcragle@hirschlerlaw.com

*Counsel for BMST, Inc. and Mark Beltrami*

**CERTIFICATE OF SERVICE**

I hereby certify that on December 10, 2018, a true and complete copy of the foregoing Reply to Memorandum in Opposition was filed and served electronically using the Court's ECF System and was also sent by e-mail and first class mail, postage prepaid, as follows:

Kimberly A. Taylor, Esq.
William A. Broscious, Esq.
Kepley Broscious & Biggs, PLLC
2211 Pump Road
Richmond, Virginia 23233
(ktaylor@kbbplc.com)
  *Counsel for Harry Shaia, Jr., Trustee*

Robert A. Canfield, Esq.
Canfield Wells & Kruck, LLP
4124 E. Parham Road
Henrico, Virginia 23228
(bob@cwkllp.com)
  *Counsel for Christopher McGinnis*

Daniel M. Press
Chung & Press, P.C.
6718 Whittier Ave., Suite 200
McLean, Virginia 22101
(dpress@chung-press.com)
  *Counsel for Gabrielle Ragland*

                                          /s/ *Franklin R. Cragle, III*
                                          Counsel