IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | ) | |
|---|---|---|
| In re: | ) | |
| | ) | |
| DIGITAL INK, INC., and | ) | Case No. 18-30056-KLP |
| CHRISTOPHER DAVID McGINNIS, | ) | |
| | ) | Chapter 7 |
| Debtors. | ) | |
| | ) | |
| | ) | |
| HARRY SHAIA, JR., TRUSTEE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Adv. Pro. No. 18-03098-KLP |
| | ) | |
| BMST, INC., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**BMST, INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO AMENDED COMPLAINT TO AVOID TRANSFERS AND IMPRESS SUCCESSOR LIABILITY**

Defendant, BMST, Inc. ("BMST"), by counsel, for its Answer and Affirmative Defenses to *Amended Complaint to Avoid Transfers and Impress Successor Liability* (the "Amended Complaint") filed by Harry Shaia, Jr., as Trustee for both the estates of Christopher David McGinnis and Digital Ink, Inc. (the "Trustee") states as follows:

Robert S. Westermann (VSB No. 43294)
Franklin R. Cragle, III (VSB No. 78398)
HIRSCHLER FLEISCHER, P.C.
The Edgeworth Building
2100 East Cary Street
Post Office Box 500
Richmond, Virginia 23218-0500
Telephone:      804.771.9500
Facsimile:       804.644.0957
E-Mail:            rwestermann@hirschlerlaw.com
                       fcragle@hirschlerlaw.com

*Counsel for BMST, Inc.*

## ANSWER

1. BMST is without sufficient information to admit or deny the allegations contained in Paragraph 1 of the Amended Complaint. Accordingly, BMST denies same and demands strict proof thereof.

2. BMST is without sufficient information to admit or deny the allegations contained in Paragraph 2 of the Amended Complaint. Accordingly, BMST denies same and demands strict proof thereof.

3. BMST admits the allegations contained in Paragraph 3 of the Complaint.

4. BMST is without sufficient information to admit or deny the allegations contained in Paragraph 4 of the Amended Complaint. Accordingly, BMST denies same and demands strict proof thereof.

5. BMST is without sufficient information to admit or deny the allegations contained in Paragraph 5 of the Amended Complaint. Accordingly, BMST denies same and demands strict proof thereof.

6. The allegations contained in Paragraph 6 of the Amended Complaint constitute legal conclusions to which no response is required. To the extent a response is required, BMST denies same and demands strict proof thereof.

7. The allegations contained in Paragraph 7 of the Amended Complaint constitute legal conclusions to which no response is required. To the extent a response is required, BMST denies same and demands strict proof thereof.

8. The allegations contained in Paragraph 8 of the Amended Complaint constitute legal conclusions to which no response is required. To the extent a response is required, BMST denies same and demands strict proof thereof.

9. BMST is without sufficient information to admit or deny the allegations contained in Paragraph 9 of the Amended Complaint. Accordingly, BMST denies same and demands strict proof thereof.

10. With regard to the allegations contained in Paragraph 10 of the Amended Complaint, BMST admits that Christopher David McGinnis ("McGinnis") is currently employed by BMST. BMST is without sufficient information to admit or deny the remaining allegations contained in Paragraph 10 of the Amended Complaint. Accordingly, BMST denies same and demands strict proof thereof.

11. With regard to the allegations contained in Paragraph 11 of the Amended Complaint, BMST admits that DII was a printing business. BMST is without sufficient information to admit or deny the allegations contained in Paragraph 11 of the Amended Complaint. Accordingly, BMST denies same and demands strict proof thereof.

12. BMST admits that it is a Virginia stock corporation. BMST denies the remaining allegations set forth in Paragraph 12 of the Complaint.

13. BMST admits the allegations set forth in Paragraph 13 of the Complaint.

14. With regard to the allegations contained in Paragraph 14 of the Amended Complaint, BMST admits that Gabrielle Ragland is employed by BMST. BMST is without sufficient information to admit or deny the allegations contained in Paragraph 14 of the Amended Complaint. Accordingly, BMST denies same and demands strict proof thereof.

15. BMST denies the allegations contained in Paragraph 15 of the Complaint.

16. BMST is without sufficient information to admit or deny the allegations contained in Paragraph 16 of the Amended Complaint. Accordingly, BMST denies same and demands strict proof thereof.

17. BMST is without sufficient information to admit or deny the allegations contained in Paragraph 17 of the Amended Complaint. Accordingly, BMST denies same and demands strict proof thereof.

18. BMST is without sufficient information to admit or deny the allegations contained in Paragraph 18 of the Amended Complaint. Accordingly, BMST denies same and demands strict proof thereof.

19. BMST is without sufficient information to admit or deny the allegations contained in Paragraph 19 of the Amended Complaint. Accordingly, BMST denies same and demands strict proof thereof.

20. BMST is without sufficient information to admit or deny the allegations contained in Paragraph 20 of the Amended Complaint. Accordingly, BMST denies same and demands strict proof thereof.

21. BMST is without sufficient information to admit or deny the allegations contained in Paragraph 21 of the Amended Complaint. Accordingly, BMST denies same and demands strict proof thereof.

22. BMST is without sufficient information to admit or deny the allegations contained in Paragraph 22 of the Amended Complaint. Accordingly, BMST denies same and demands strict proof thereof.

23. The allegations contained in Paragraph 23 of the Amended Complaint reference documents that speak for themselves. BMST denies any characterization and/or allegations that are inconsistent with the referenced document.

24. BMST is without sufficient information to admit or deny the allegations contained in Paragraph 24 of the Amended Complaint. Accordingly, BMST denies same and demands strict proof thereof.

25. BMST is without sufficient information to admit or deny the allegations contained in Paragraph 25 of the Amended Complaint. Accordingly, BMST denies same and demands strict proof thereof.

26. BMST is without sufficient information to admit or deny the allegations contained in Paragraph 26 of the Amended Complaint. Accordingly, BMST denies same and demands strict proof thereof.

27. The allegations contained in Paragraph 27 constitute legal conclusions to which no response is required. To the extent a response is required, BMST denies same and demands strict proof thereof.

28. BMST is without sufficient information to admit or deny the allegations contained in Paragraph 28 of the Amended Complaint. Accordingly, BMST denies same and demands strict proof thereof.

29. BMST lacks sufficient knowledge to admit or deny the remaining allegations contained in Paragraph 29 of the Amended Complaint and, therefore, denies same and demands strict proof thereof.

30. BMST lacks sufficient knowledge to admit or deny the remaining allegations contained in Paragraph 30 of the Amended Complaint and, therefore, denies same and demands strict proof thereof.

31. BMST lacks sufficient knowledge to admit or deny the remaining allegations contained in Paragraph 31 of the Amended Complaint and, therefore, denies same and demands strict proof thereof.

32. BMST denies the allegations contained in Paragraph 32 of the Amended Complaint.

33. With regard to the allegations contained in Paragraph 33 of the Amended Complaint, BMST admits that Mark Beltrami and McGinnis were acquaintances and met at the community gym.

34. With regard to the allegations contained in Paragraph 34 of the Amended Complaint, BMST denies the allegations as characterized. BMST admits that Beltrami became aware that McGinnis was going through a divorce, and that DII was experiencing financial difficulties. BMST denies the remaining allegations contained in Paragraph 34.

35. BMST denies the allegations contained in Paragraph 35 of the Amended Complaint.

36. With regard to the allegations contained in Paragraph 36 of the Amended Complaint, BMST admits that BMST, Inc. was formed on October 30, 2015 as a Virginia stock corporation. BMST denies the remaining allegations contained in Paragraph 36.

37. BMST denies the allegations contained in Paragraph 37 of the Amended Complaint.

38. BMST denies the allegations, as characterized, in Paragraph 38 of the Amended Complaint. BMST admits that it purchased certain assets of DII. BMST denies the remaining allegations.

39. BMST lacks sufficient knowledge to admit or deny the remaining allegations contained in Paragraph 39 of the Amended Complaint and, therefore, denies same and demands strict proof thereof.

40. The allegations contained in Paragraph 40 of the Amended Complaint constitute legal conclusions to which no response is required. To the extent a response is required, BMST denies same and demands strict proof thereof

41. BMST denies the allegations contained in the first sentence of Paragraph 41 of the Amended Complaint. The allegations contained in the second sentence of Paragraph 41 of the Amended Complaint reference a document which speaks for itself. BMST denies any characterization and/or allegations that are inconsistent with the referenced document

42. BMST denies the allegations contained in Paragraph 42 of the Amended Complaint.

43. BMST denies the allegations contained in Paragraph 43 of the Amended Complaint.

44. BMST denies the allegations contained in Paragraph 44 of the Amended Complaint.

45. BMST denies the allegations contained in Paragraph 45 of the Amended Complaint.

46. BMST denies the allegations contained in Paragraph 46 of the Amended Complaint.

47. With regard to the allegations set forth in Paragraph 47 of the Amended Complaint, BMST denies the allegations set forth in the first, second and fourth sentences. The

allegations set forth in the third sentence reference a document that speaks for itself. BMST denies any characterization and/or allegations that are inconsistent with the referenced document.

48. BMST denies the allegations contained in Paragraph 48 of the Amended Complaint.

49. BMST denies the allegations as characterized in Paragraph 49 of the Amended Complaint. BMST admits that McGinnis is provided a company vehicle and pays for the gas for said vehicle for business-related operation. Additionally, BMST provides McGinnis with a corporate credit card, to be used solely for BMST business purposes. Any personal charges made thereon remain the McGinnis' personal obligation. BMST denies the remaining allegations contained in Paragraph 49.

50. BMST is without sufficient information to admit or deny the allegations contained in Paragraph 50 of the Amended Complaint. Accordingly, BMST denies same and demands strict proof thereof.

51. BMST is without sufficient information to admit or deny the allegations contained in Paragraph 51 of the Amended Complaint. Accordingly, BMST denies same and demands strict proof thereof.

52. BMST is without sufficient information to admit or deny the allegations contained in Paragraph 52 of the Amended Complaint. Accordingly, BMST denies same and demands strict proof thereof.

53. BMST is without sufficient information to admit or deny the allegations contained in Paragraph 53 of the Amended Complaint. Accordingly, BMST denies same and demands strict proof thereof.

54. BMST denies the allegations contained in Paragraph 54 of the Amended Complaint.

55. BMST is without sufficient information to admit or deny the allegations contained in Paragraph 55 of the Amended Complaint. Accordingly, BMST denies same and demands strict proof thereof.

56. BMST denies the allegations contained in Paragraph 56 of the Amended Complaint.

57. BMST denies the allegations as characterized in Paragraph 57 of the Amended Complaint. BMST affirmatively asserts that BST Holdings, LLC acquired multiple real estate parcels, one of which is a private residence rented by McGinnis and Ragland. The remaining allegations contained in Paragraph 57 are denied.

## COUNT I
### AVOIDANCE OF FRAUDULENT TRANSFERS
### 11 U.S.C. §§ 544(B) AND 550 AND VA. CODE § 55-80

58. BMST denies the allegations contained in Paragraph 58 of the Amended Complaint.

59. BMST denies the allegations contained in Paragraph 59 of the Amended Complaint.

60. BMST denies the allegations contained in Paragraph 60 of the Amended Complaint.

61. BMST denies the allegations contained in Paragraph 61 of the Amended Complaint.

## COUNT II
### AVOIDANCE OF FRAUDULENT TRANSFERS
### 11 U.S.C. §§ 548(A)(1)(A) AND 550

62. BMST denies the allegations contained in Paragraph 62 of the Amended Complaint.

63. BMST denies the allegations contained in Paragraph 63 of the Amended Complaint.

64. BMST denies the allegations contained in Paragraph 64 of the Amended Complaint.

65. BMST denies the allegations contained in Paragraph 65 of the Amended Complaint.

## COUNT III
### AVOIDANCE OF FRAUDULENT TRANSFERS
### 11 U.S.C. §§ 548(A)(1)(B) AND 550

66. BMST denies the allegations contained in Paragraph 66 of the Amended Complaint.

67. BMST denies the allegations contained in Paragraph 67 of the Amended Complaint.

68. BMST denies the allegations contained in Paragraph 68 of the Amended Complaint.

69. BMST denies the allegations contained in Paragraph 69 of the Amended Complaint.

70. BMST denies the allegations contained in Paragraph 70 of the Amended Complaint.

### COUNT IV
### SUCCESSOR LIABILITY OF BMST FOR DII'S DEBTS

71. BMST denies the allegations contained in Paragraph 71 of the Amended Complaint.

72. BMST denies the allegations contained in Paragraph 72 of the Amended Complaint.

73. BMST denies the allegations contained in Paragraph 73 of the Amended Complaint.

74. BMST denies the allegations contained in Paragraph 74 of the Amended Complaint.

75. BMST denies the allegations contained in Paragraph 75 of the Amended Complaint.

76. BMST denies the allegations contained in Paragraph 76 of the Amended Complaint.

77. BMST denies the allegations contained in Paragraph 77 of the Amended Complaint.

78. BMST denies the allegations contained in Paragraph 78 of the Amended Complaint.

79. BMST denies the allegations contained in Paragraph 79 of the Amended Complaint.

80. With regard to the Trustee's request set forth in the unnumbered "WHEREFORE" paragraph immediately following Paragraph 79 of the Amended Complaint, BMST denies the Trustee is entitled to such relief, including the relief sought in subparts (i) and (ii), and further denies that the Trustee is entitled to any relief, whatsoever.

81. All allegation of the Amended Complaint which not expressly admitted are hereby denied.

### **AFFIRMATIVE DEFENSES**

Further answering by way of defenses to the Complaint, BMST states the following:

82. The Trustee is barred from recovery under sections 548 and 550 of Title 11 of the United States Code (the "Bankruptcy Code"), inter alia, because the DII received reasonably equivalent value in exchange for the challenged transfers. 11 U.S.C. § 548(a)(1)(B)(i).

83. The Trustee is barred from recovery under sections 544(b) and 550 of the Bankruptcy Code, and Va. Code § 55-80 because BMST acquired all assets for valuable consideration and without notice of fraudulent intent of its immediate grantor.

84. The Trustee is barred from recovery because BMST took the assets at issue for value, including satisfaction or securing of a present or antecedent debt, in good faith, and without knowledge of the voidability of the transfer avoided;

85. The Trustee is barred from recovery to the extent that DII and/or McGinnis were not insolvent at the time the challenged transfers as alleged in the Amended Complaint were made.

86. The Trustee is barred from recovery to the extent his claims were not brought within two years of the date of any transfer.

87. To the extent not already asserted, BMST asserts all of the available defenses contained in sections 548, and 550 of the Bankruptcy Code to the extent applicable herein.

88. The Amended Complaint, and each and every cause of action stated therein, fails to state a claim upon which relief can be granted to the Trustee against BMST.

Document    Page 13 of 14

89. BMST reserves the right to amend this Answer and/or to assert additional affirmative defenses as investigation and discovery continue.

WHEREFORE, for the foregoing reasons, BMST requests this Court enter an Order dismissing the Amended Complaint, *with prejudice*, and granting such other and further relief as this Court deems just and proper.

Dated: February 25, 2019                              Respectfully submitted

                                                      BMST, INC.


                                                       */s/ Franklin R. Cragle, III*
                                                               Counsel

Robert S. Westermann (VSB No. 43294)
Franklin R. Cragle, III (VSB No. 78398)
HIRSCHLER FLEISCHER, P.C.
The Edgeworth Building
2100 East Cary Street
Post Office Box 500
Richmond, Virginia 23218-0500
Telephone:    804.771.9500
Facsimile:    804.644.0957
E-Mail:       rwestermann@hirschlerlaw.com
              fcragle@hirschlerlaw.com

*Counsel for BMST, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on February 25, 2019, a true and complete copy of the foregoing Answer and Affirmative Defenses was filed and served electronically using the Court's ECF System and was also sent by e-mail and first class mail, postage prepaid, as follows:

Kimberly A. Taylor, Esq.
William A. Broscious, Esq.
Kepley Broscious & Biggs, PLC
2211 Pump Road
Richmond, Virginia 23233
(ktaylor@kbbplc.com)
  *Counsel for Harry Shaia, Jr., Trustee*

Robert A. Canfield, Esq.
Canfield Wells & Kruck, LLP
4124 E. Parham Road
Henrico, Virginia 23228
(bob@cwkllp.com)
  *Counsel for Christopher McGinnis*

Daniel M. Press
Chung & Press, P.C.
6718 Whittier Ave., Suite 200
McLean, Virginia 22101
(dpress@chung-press.com)
  *Counsel for Gabrielle Ragland*

                      */s/ Franklin R. Cragle, III*
                              Counsel

10974901.2  043348.00001